UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>J. WINDSOR, et al.,<br><br>    Defendant. | No. 2:15-cv-0533 MCE KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel. On April 1, 2016, plaintiff filed a request that the court order defendants to return plaintiff's legal materials. Plaintiff claims that in retaliation for the filing of this action, defendants have refused to send plaintiff his legal materials after he was transferred to California State Prison, Sacramento ("CSP-SAC"). Plaintiff states that on February 5, 2016, he was transferred from High Desert State Prison to a prison in Corcoran, and then to CSP-SAC. Plaintiff claims he needs his legal materials to prepare for defendants' motion for summary judgment.

    The undersigned is aware that inmates often experience delay in the receipt of their legal materials when transferred to a different institution, and it is unclear when plaintiff arrived at CSP-SAC. However, given the passage of time since his initial transfer, the court will ask counsel for defendants to advise the status of plaintiff's legal materials.

////

1  In addition, plaintiff informed the court that he was drafting an amended complaint to add new defendants and new issues of harassment and retaliation. (ECF No. 27 at 3.) Plaintiff states that the harassment and retaliation stems from an assortment of medical grievances that he has filed against defendants in this action as well as new defendants.

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

The instant action proceeds on claims that defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, specifically in connection with plaintiff's pain management. No First Amendment claims against defendants have been pled. As described by plaintiff, his new harassment and retaliation claims do not appear to arise from the same transaction, occurrence, or series of transactions and occurrences, but rather occurred after plaintiff filed his medical grievances. Thus, it appears that plaintiff's proposed new claims are more properly raised in a new civil rights action. In any event, if plaintiff decides to seek leave to amend, plaintiff must file a motion to amend, pursuant to Rule 15 of the Federal Rules of Civil Procedure, along with a proposed amended complaint for the court's review.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for court order (ECF No. 27) is partially granted;

////

2. Within fourteen days from the date of this order, counsel for defendants shall file a status report as to the status of plaintiff's legal materials; and

3. The Clerk of the Court is directed to send plaintiff the packet for filing a civil rights action by a prisoner.

Dated: April 28, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/woma0533.fb