UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:15-cv-0533 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WINDSOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  The instant action proceeds on claims arising in 2014 and early 2015 that defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, specifically in connection with plaintiff's pain management, based on an alleged policy at High Desert State Prison, as well as the delay in receiving a second surgery, denovo cartilage implantation, solely as to defendants Dr. Lankford and Dr. Lee.[1]

On May 18, 2016, plaintiff filed a motion for reconsideration of the court's order denying, without prejudice, his motion for leave to amend the complaint.  Plaintiff's motion is construed as a renewed motion to amend.  Plaintiff's prior motion for leave to amend was denied because

---

[1] Although plaintiff included Dr. Mahoney in this second claim, Dr. Mahoney's motion to dismiss such claim was granted.  (ECF No. 26.)

1

1  plaintiff did not provide a proposed amended complaint for review.  In the instant request,
2  plaintiff claims that he provides the proposed amended complaint.  However, no proposed
3  pleading was provided.  (ECF Nos. 35, 36.)
4      In the meantime, defendants filed an opposition.  Defendants argue that plaintiff seeks to
5  amend to add claims and defendants wholly unrelated to the circumstances addressed above.
6  Reviewing plaintiff's earlier motion to amend, defendants note that plaintiff intends to add a
7  deliberate indifference claim against Nurse Garcia stemming from a September 2015 denial of
8  morphine, a claim that an unidentified nurse cancelled his morphine prescription in favor of
9  Tylenol 3, and claims against unidentified medical staff that they refused to assist or provide him
10 with ankle bandages and failed to transport him to medical appointments at U.C. Davis on four
11 occasions.  (ECF No. 37 at 2-3, citing ECF No. 33 at 2, 3-4.)  Defendants contend that plaintiff
12 should not be allowed to assert such new and unrelated claims based on incidents that took place
13 months after the incidents at issue here.
14     Defendants also note that plaintiff has now had the requested second surgery and does not
15 allege mistreatment by any of the initial defendants in the claims raised in his prior motion to
16 amend.  Because plaintiff's proposed new claims are distinctly different from the claims at issue
17 herein, defendants argue that plaintiff must raise such unrelated claims in a new and separate
18 lawsuit.  (ECF No. 37 at 5.)
19     Plaintiff did not file a reply.
20     Despite his reference to a proposed amended complaint, plaintiff's motion to amend was
21 not accompanied by a proposed amended complaint.  The earlier motion to amend, relied on by
22 defendants in their opposition, was denied on May 10, 2016.  Because plaintiff has not provided
23 the proposed amended complaint, the court is again unable to properly evaluate plaintiff's
24 proposed new claims.
25     That said, plaintiff is cautioned that he may not pursue new, unrelated claims against new
26 defendants in this action.  Plaintiff may join multiple claims if they are all against a single
27 defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate
28 ////

transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

If plaintiff intends to pursue the claims as characterized in his earlier motion to amend (ECF No. 33), he must file them in a new civil rights action. If plaintiff again files a motion to amend to include such claims, the motion to amend will be denied because the claims as articulated therein are not related to the instant claims and attempt to add new defendants who are not named in this action.

Moreover, as noted by defendants, plaintiff must have fully exhausted his administrative remedies as to each new claim **before** he filed the instant action.[2] In other words, if the new claims are based on incidents that occurred after March 5, 2015, they may not be included in this action because plaintiff could not have exhausted his administrative remedies as to such claims before he filed this action. Similarly, plaintiff must fully exhaust his administrative remedies as to each new unrelated claim prior to filing a new civil rights action.

---

[2] By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

1   As plaintiff was previously informed, his pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. <u>See</u> 28 U.S.C. § 1915A. Plaintiff has now been twice informed that if he sought leave to amend, his motion to amend must be accompanied by a proposed amended complaint. (ECF Nos. 31; 34.) Because plaintiff has again failed to submit a proposed amended complaint, the court is unable to evaluate it. Plaintiff is cautioned that he should not seek leave to amend again unless his proposed new claims comport with the above standards and are properly filed in a proposed amended complaint.

Finally, plaintiff is warned that any effort to amend to raise unrelated claims against new defendants may result in the imposition of sanctions based on his failure to comply with court orders. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 35) is construed as a renewed motion to amend;

2. Plaintiff's renewed motion to amend (ECF No. 35) is denied without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated: June 10, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/woma0533.10b2