UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:15-cv-0533 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| J. WINDSOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. The instant action proceeds on claims that defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, in connection with plaintiff's pain management in lieu of receiving further ankle surgery. Specifically, plaintiff contends that defendants' decision to change his pain medication was made for non-medical reasons, allegedly based on a policy at High Desert State Prison ("HDSP") that no inmate would be prescribed methadone or morphine. As set forth below, plaintiff's motion to amend is denied without prejudice.

A. Motion to Amend

Plaintiff has twice before sought leave to amend (ECF Nos. 33, 35), but did not provide a proposed amended complaint on either occasion. In the June 10, 2016 order, plaintiff was

1

provided the rules for joining multiple claims and cautioned that unrelated claims against different defendants must be pursued in separate lawsuits. (ECF No. 38 at 2-3.) In addition, plaintiff was reminded that he must fully exhaust his administrative remedies before filing such claims in federal court. (ECF No. 38 at 3.) Finally, plaintiff was "warned that any effort to amend to raise unrelated claims against new defendants may result in the imposition of sanctions based on his failure to comply with court orders. Fed. R. Civ. P. 11." (ECF No. 38 at 4.)

In his proposed amended pleading, plaintiff seeks to add Dr. Swingle, who plaintiff claims knew his ankle surgery was being delayed, that he was suffering excruciating pain, and that the delayed surgery was further damaging his left ankle. (ECF No. 40 at 4.) Plaintiff also seeks leave to add T. Murry, Psy. D (C.E.O.), based on Murry's knowledge that plaintiff's surgery was being delayed, he was in excruciating pain, and that the delay in surgery was further damaging his left ankle.

Further, plaintiff seeks leave to add T. Murry and Nurse Garcia based on their alleged retaliation and deliberate indifference to plaintiff's serious medical needs based on events that took place after plaintiff's second surgery on his left ankle, which took place on September 4, 2015. In support of these claims, plaintiff cites to appeals with log numbers 15029094 and 15000433. Plaintiff appears to contend that the actions of Murry and Garcia meet the joinder requirements under Rule 20(a)(2) because Murry "participated and responded to both plaintiff's 602 appeals Log Nos. 15029094 and . . . 15000433," and Garcia was connected to T. Murry by way of his appeal log number 15000433. (ECF No. 40 at 6.) In addition, plaintiff claims to put defendants on notice that once he identifies the nurse and the doctor who switched plaintiff's medication from morphine to Tylenol 3 following such surgery, he will again move to amend to name such individuals. (Id.)

In opposition, defendants contend that plaintiff seeks to add unrelated and unexhausted claims against new defendants in defiance of the court's prior order, demonstrating that plaintiff is acting in bad faith. In addition, defendants object that plaintiff failed to provide an explanation as to why the newly-named individuals, Dr. Swingle and T. Murry, were not initially named in plaintiff's original complaint, or to show he exhausted his administrative remedies.

Plaintiff did not file a reply.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not given equal weight; rather, the consideration of prejudice is given the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052 (citing Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for an abuse of discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).

Here, plaintiff's proposed amended complaint does not contain the allegations against defendants set forth in his original complaint. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Because plaintiff's proposed amended complaint does not include his pending allegations against defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney, plaintiff's motion to amend is denied.[1]

---

[1] Plaintiff does not state that he wishes to voluntarily dismiss his pending claims against such defendants. In addition, plaintiff included arguments concerning his motion to amend within his proposed amended complaint. Plaintiff is advised that pleadings should contain plaintiff's factual allegations as to each named defendant. Arguments concerning motions to amend should be confined to the motion accompanying the proposed pleading.

     B.  <u>Motion to File a Supplemental Pleading</u>

Even if the court construes plaintiff's motion to amend as a motion to file a supplemental pleading, his motion is unavailing, as discussed below.

Under Federal Rules of Civil Procedure Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In other words, "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). The court has broad discretion in deciding whether to allow a supplemental pleading. <u>Keith v. Volpe</u>, 858 F.2d 467, 473 (9th Cir. 1988). Rule 15(d) "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." <u>Id.</u> at 474. Motions to permit a supplemental pleading are treated liberally, <u>id.</u> at 475, but leave to file a supplemental pleading may be denied for "any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." <u>San Luis & Delta-Mendota Water Authority v. U.S. Dep't of Interior</u>, 236 F.R.D. 491, 496 (E.D. Calif. 2006), (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). Moreover, a supplemental pleading cannot be used to introduce a separate, distinct, and new cause of action that should be the subject of a separate suit. <u>Planned Parenthood of S. Ariz. v. Neeley</u>, 130 F.3d 400, 402 (9th Cir. 1997).

Plaintiff now attempts to add Dr. Swingle and T. Murry as new defendants. However, plaintiff was aware of the involvement of Dr. Swingle and T. Murry at the time he filed his original complaint because plaintiff contends they responded to the same appeals which he claims exhausted the allegations in this action. Plaintiff provides no explanation as to why he failed to name Dr. Swingle and T. Murry in his original complaint. Because plaintiff's allegations as to proposed new defendants Dr. Swingle and T. Murry appear to have occurred on or before the date plaintiff signed his original pleading, Rule 15(d) does not apply, and he may not file a

1 supplemental pleading naming such defendants.

2 　　　In addition, plaintiff seeks leave to pursue new, unrelated claims against Nurse Garcia and
3 T. Murry, as to an incident that took place after plaintiff's second surgery in September of 2015.
4 Plaintiff now alleges that after his second surgery, Nurse Garcia changed, or caused someone else
5 to change, plaintiff's pain medication from morphine to Tylenol 3, allegedly in retaliation for
6 plaintiff filing administrative appeals against medical staff, in violation of the First and Eighth
7 Amendments. Plaintiff alleges that T. Murry personally responded to plaintiff's grievances filed
8 in connection with this new claim. Also, plaintiff intends to seek leave to amend to name the
9 individual who changed the pain medication order after his second surgery, allegedly at the
10 direction of Nurse Garcia.

11 　　　While these new claims occurred after plaintiff filed his original complaint, such claims
12 should be the subject of a new and separate lawsuit. The goal of Rule 15(d) is judicial efficiency,
13 Keith, 858 F.2d at 473. Judicial efficiency will not be served here if plaintiff is permitted to add
14 multiple, and some presently unknown, individuals as defendants. Moreover, plaintiff's proposed
15 new claims are unrelated to the allegations raised herein. Fed. R. Civ. P. 18(a). Although
16 plaintiff alleges that Nurse Garcia and T. Murry were deliberately indifferent to his serious
17 medical needs, such Eighth Amendment claims stem from his claim that Garcia retaliated against
18 plaintiff based on his First Amendment activity by changing his medication. Such new claims
19 differ significantly from plaintiff's instant claims that his pain medications were changed due to a
20 policy at HDSP, and that he should have been provided the ankle surgery earlier because
21 defendants refused to provide appropriate pain medication. Retaliation claims involve multiple
22 elements[2] not pertinent to the claims raised in plaintiff's original pleading, and none of the
23 defendants who have answered were involved in the alleged retaliation. Thus, plaintiff's new

---

[2] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

5

claims concerning the alleged retaliation are more properly the subject of a separate suit. Fed. R. Civ. P. 18(a). In this case, the defendants have been served and have answered, a scheduling order has issued, and the discovery deadline has passed.

Moreover, as plaintiff was previously warned, plaintiff must first exhaust his administrative remedies before filing such claims in federal court. The instant action was filed on March 9, 2015, before plaintiff's second surgery took place in September of 2015. Because the alleged retaliation took place after plaintiff's second surgery, plaintiff could not have exhausted his administrative remedies as to such claims prior to the filing of this action.

Because the proposed new retaliation claims and the post-retaliation Eighth Amendment claims against Nurse Garcia and T. Murry are more properly raised in a separate action, and his administrative remedies could not have been exhausted prior to the filing of this action, granting plaintiff leave to amend to add such claims would be futile. Plaintiff was advised in the June 10, 2016 order that such new and unrelated claims must be filed in a new action. (ECF No. 38 at 3.)

For the above reasons, plaintiff's motion, construed as a motion to supplement his pleading, is denied.

C.  Further Leave to Amend

Plaintiff's new proposed claims against Dr. Swingle in connection with addressing plaintiff's administrative appeals concerning the denial of medication based on HDSP's policy and the delay of further ankle surgery arise out of the same transaction and involve questions of law common to the defendants. Indeed, it was Dr. Swingle who issued the second level appeal response in appeal 14028473. (ECF No. 25 at 10, citing ECF No. 19-1 at 24.)

Thus, while plaintiff is not granted leave to amend to include new claims arising after his September 2015 surgery, plaintiff is granted leave to file a motion to amend,[3] accompanied by a proposed amended complaint that includes his current allegations against defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney, but also includes his proposed claims against Dr. Swingle in connection with the alleged failure to correct the deficiencies plaintiff brought to

---

[3] This ruling does not address the merits or potential merits of such a motion.

Dr. Swingle's attention through the grievance process, based solely on plaintiff's claim that he was denied adequate pain medication based on HDSP policy and that the second surgery for his left ankle was inappropriately delayed. See Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016) ("The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'"). However, plaintiff must address each of the Foman factors in his motion to amend, in particular, explaining why he failed to name Dr. Swingle in the original complaint, as well as the reasons for his delay in doing so.

The record does not make clear that T. Murry was involved in the administrative appeals addressing the claims set forth in plaintiff's original complaint. Rather, the administrative appeals concerning the instant claims were addressed by other prison officials in appeal log numbers 14028252 and 14028473, filed in 2014. (ECF No. 19-1 at 13, 19, 21, 24, 30.)  In his proposed amended complaint, in connection with his first proposed new claims against T. Murry, plaintiff refers to administrative appeal log number 15000433, categorized as a staff complaint, and then to administrative appeals log numbers 15029094 and 1500433. (ECF No. 40 at 4-5.) Because these log numbers begin with the number 15, they were filed in 2015. Moreover, plaintiff refers to log number 15029094 in connection with his new claims against Nurse Garcia, which occurred after plaintiff's second surgery in September 2015. Thus, as set forth above, plaintiff is not granted leave to amend to include allegations from log number 15029094 in this action as to Nurse Garcia and T. Murry because such claims are unrelated to the instant allegations.

However, it is unclear when log number 1500433 was filed, and what allegations it contained. Thus, the undersigned cannot determine whether plaintiff's first proposed new allegations as to T. Murry arise from the instant claims, or whether they arise from incidents that occurred after this action was filed. In an abundance of caution, plaintiff is granted leave to file a motion to amend to include claims as to T. Murry, but only if plaintiff can demonstrate that such allegations arise from the instant claims and not from new incidents that took place after the instant action was filed on March 9, 2015. Plaintiff shall not include claims concerning unrelated incidents that took place following his second ankle surgery in September of 2015, including any

allegations from log number 15029094.

Furthermore, plaintiff is not required to seek leave to amend, but may choose to proceed with the original complaint. However, if plaintiff chooses to file a motion to amend to pursue claims arising solely from the instant allegations against Dr. Swingle or T. Murry, plaintiff must specifically address each of the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. Foman, 371 U.S. at 182. In addition, plaintiff is cautioned that his proposed amended complaint must include all of his pending allegations against defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney, as well as the proposed new claims. If plaintiff seeks to include facts as to T. Murry arising from log number 1500433, plaintiff should include a copy of the appeal to assist the court in determining whether such allegations arise from the instant claims. As plaintiff was previously advised, he should not seek leave to amend again unless his proposed new claims comply with this order and are properly filed in a proposed amended complaint.

D. Revised Scheduling

The court will address the pending motion to compel discovery by separate order. In light of this order, the court sets an October 11, 2016 deadline for filing motions to amend, and continues the pretrial motions deadline to December 15, 2016. Plaintiff is granted thirty days in which to file his motion to amend, which should occur prior to the October 11, 2016 deadline.

E. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 40) is denied without prejudice;

2. Plaintiff is granted thirty days in which to file a motion to amend, accompanied by a proposed amended complaint that contains his pending claims against defendants as well as any proposed claims; such proposed claims against Dr. Swingle and T. Murry are limited to claims arising from the instant allegations, as set forth herein; plaintiff is not obligated to seek further leave to amend;

3. A deadline for filing motions to amend is set for October 11, 2016;

////

8

4. The pretrial motions deadline is continued to December 15, 2016; in all other respects, the April 7, 2016 scheduling order remains in effect; and

5. The Clerk is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  September 7, 2016

/woma0533.mta3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE