1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY JEROME WOMACK,              No.  2:15-cv-0533 KJN P

12                 Plaintiff,

13         v.                           ORDER

14    J. WINDSOR, et al.,

15                 Defendants.

16

17    I.  Introduction

18         Plaintiff is a state prisoner, proceeding pro se.  The instant action proceeds on claims that

19    defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney were deliberately indifferent to

20    plaintiff's serious medical needs in violation of the Eighth Amendment, in connection with

21    plaintiff's pain management in lieu of receiving further ankle surgery, once he was transferred to

22    High Desert State Prison ("HDSP") on March 18, 2014.  Plaintiff's motion to compel further

23    responses to his request for production of documents is before the court.  As discussed below,

24    plaintiff's motion is denied.

25    II.  Standards

26         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

27    move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

28

                                        1

1    37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

2    incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

3    'broad discretion to manage discovery and to control the course of litigation under Federal Rule

4    of Civil Procedure 16.'"  Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

5    Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

6         The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for

7    production, "extends to all relevant documents, tangible things and entry upon designated land or

8    other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (1998), citing 8A

9    C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.  Plaintiff bears the burden

10   of informing the court (1) which discovery requests are the subject of his motion to compel, (2)

11   which of the responses are disputed, (3) why he believes the response is deficient, (4) why

12   defendants' objections are not justified, and (5) why the information he seeks through discovery

13   is relevant to the prosecution of this action.  McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D.

14   Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the

15   court which discovery requests are the subject of his motion to compel, and, for each disputed

16   response, inform the court why the information sought is relevant and why defendant's objections

17   are not justified.").  Also, Rule 34 requires that the party upon whom a request is served "be in

18   possession, custody, or control of the requested item."  Clark, 181 F.R.D. at 473, citing Estate of

19   Young v. Holmes, 134 F.R.D. 291, 293 (D. Nev.1991).  Under Rule 34, "[c]ontrol is defined as

20   the legal right to obtain documents upon demand. [Citation.]  The party seeking production of the

21   documents . . . bears the burden of proving that the opposing party has such control."  U.S. Int'l

22   Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989); see also

23   In re Citric Acid Lit., 191 F.3d 1090, 1108 (9th Cir. 1999) (discussing the same issue in a Rule 45

24   context).

25   III.  Discussion

26        Defendants first object that plaintiff failed to meet and confer prior to filing the motion, as

27   required by Rule 37 of the Federal Rules of Civil Procedure.  Plaintiff did not file a reply to the

28   opposition.  Plaintiff is informed that even if he disagreed with defendants' responses, he was still

2

1  required to attempt to resolve his discovery disputes prior to filing the motion to compel.  In any

2  event, for the reasons discussed herein, plaintiff's motion to compel is not well-taken.

3        The undersigned agrees with defendants that plaintiff has not met his burden here.  First,

4  plaintiff did not provide a copy of the discovery requests with defendants' responses, and in

5  requests no. 1 and no. 2, plaintiff changed the wording of the discovery request submitted to the

6  court.  Discovery closed on July 29, 2016, and plaintiff was required to propound all discovery

7  requests 60 days prior to July 29, 2016.  Thus, to the extent plaintiff attempted to seek additional

8  discovery, his requests are untimely.  Second, as to those documents that were produced by

9  defendants, plaintiff failed to identify what responses were inadequate and to explain why.  Third,

10  as to those documents sought that are equally available to plaintiff, plaintiff does not dispute that

11  such records are available to him.  Plaintiff has not demonstrated that he sought such documents

12  but was denied.  Fourth, plaintiff fails to show how medical records pre-dating his first ankle

13  surgery in 2009, or following his second ankle surgery in September of 2015, are relevant to the

14  claims at issue here.  Finally, plaintiff failed to demonstrate how his request number 8, seeking

15  "any and all correctional custody staff records, committee actions, [and] disciplinary write-ups

16  pertaining to plaintiff while he was incarcerated at [HDSP] from 2013 through 2016" are relevant

17  to the instant claims.

18        For all of the above reasons, plaintiff's motion to compel is denied.

19        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 39)

20  is denied.

21  Dated:  September 7, 2016

22

23  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

24

25  /woma0533.mtc

26

27

28

3