1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY JEROME WOMACK,                         No.  2:15-cv-0533 MCE KJN P

12              Plaintiff,

13        v.                                        FINDINGS AND RECOMMENDATIONS

14    J. WINDSOR, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  The instant action proceeds on claims that,

18  following his transfer to High Desert State Prison ("HDSP") on March 18, 2014, defendants Dr.

19  Windsor, Dr. Lankford, Dr. Lee and T. Mahoney were deliberately indifferent to plaintiff's

20  serious medical needs in violation of the Eighth Amendment, in connection with plaintiff's pain

21  management in lieu of receiving further ankle surgery.  Specifically, plaintiff contends that

22  defendants' decision to change his pain medication was made for non-medical reasons, based on a

23  policy at HDSP that no inmate would be prescribed methadone or morphine.  Plaintiff seeks leave

24  to amend his complaint to add two new defendants.  Plaintiff also moves to supplement his

25  pleading to add new claims as to five new defendants, two named as John Does.  As set forth

26  below, the undersigned recommends that plaintiff's motions be denied.

27  ////

28
                                                1

I.  Amended Complaint

Plaintiff was granted leave to amend to include his current allegations against defendants Dr. Windsor, Dr. Lankford, Dr. Lee and T. Mahoney, but also include his proposed claims against Dr. Swingle in connection with the alleged failure to correct the deficiencies plaintiff brought to Dr. Swingle's attention through the grievance process, based solely on plaintiff's claim that he was denied adequate pain medication based on HDSP policy, and that the second surgery for his left ankle was inappropriately delayed.  (ECF No. 43 at 7.)[1]  Plaintiff was also granted leave to file a motion to amend to include claims as to T. Murray, but only if plaintiff could demonstrate that such allegations arise from the instant claims and not from new incidents that took place after the instant action was filed on March 9, 2015.  (ECF No. 43 at 7.)

Plaintiff was also required to file a motion to amend specifically addressing the factors required under Foman v. Davis, 371 U.S. 178, 182 (1962).  (ECF No. 43 at 8.)  Plaintiff was granted thirty days in which to file a motion to amend, accompanied by a proposed amended complaint.  (ECF No. 43 at 8.)  The deadline for filing motions to amend was set for October 11, 2016.  (Id.)

On September 16, 2016, plaintiff filed a proposed amended complaint.  (ECF No. 45.) Defendants filed an opposition, and plaintiff filed a reply.  (ECF Nos. 47, 48.)  Plaintiff seeks to add two new defendants, Dr. Swingle and CEO Murry, both of whom addressed grievances concerning plaintiff's medical care for pain remaining at issue here.

Initially, the court notes that plaintiff again failed to follow the court's direction.  Plaintiff did not file a motion to amend with his proposed pleading, and therefore did not separately address the Foman factors in a separate motion as required, depriving defendants an opportunity to rebut the factors he finally addressed in his reply.

////

////

---

[1]  Plaintiff was denied leave to amend to include new and unrelated claims arising after his September 2015 surgery, including any allegations from log number 15029094.  (ECF No. 43 at 6, 7-8.)

1    A.   Legal Standard

2        Because defendants have filed an answer, Rule 15(a)(2) governs plaintiff's motion to

3    amend, as follows:

4            **(2)** *Other Amendments.* In all other cases, a party may amend its
         pleading only with the opposing party's written consent or the
5            court's leave. The court should freely give leave when justice so
         requires.
6

7    Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given

8    when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951

9    (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v.

10   Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to

11   amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3)

12   produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at

13   951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117.  "'[P]rejudice to the

14   opposing party carries the greatest weight.'"  Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at

15   1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per

16   curiam)).  Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City

17   and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of

18   Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)).  Further, "[a] party cannot amend pleadings to

19   'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v.

20   Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting

21   Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

22   B.   Discussion

23   *Bad Faith*

24       The first of the four relevant factors, bad faith, weighs moderately against granting leave

25   to amend.  Where a party "[f]acing a summary judgment motion . . . s[eeks] to amend its

26   complaint to add causes of action on which discovery had not been undertaken," that fact "might

27   reflect bad-faith on the part of the" moving party. Lockheed Martin Corp. v. Network Solutions,

28   Inc., 194 F.3d 980, 986 (9th Cir. 1999); see William W. Schwarzer, A. Wallace Tashima & James

1    M. Wagstaff, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* ¶¶ 8:1511-12 (The Rutter Group

2    2014) (explaining that when the plaintiff "has had adequate opportunity for discovery and

3    defendant's motion for summary judgment is pending, leave to amend may be denied unless

4    plaintiff can produce 'substantial and convincing evidence' supporting the proposed amendment"

5    due to the possibility that the plaintiff "may simply be maneuvering to stave off dismissal of the

6    case") (quoting Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir. 1995) and

7    citing Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999); Somascan, Inc. v. Philips Med.

8    Systems Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013)).

9         No discovery has been taken on plaintiff's proposed claims against Dr. Swingle and CEO

10   Murray.  Discovery closed on July 29, 2016, months before plaintiff submitted the proposed

11   amended complaint on September 16, 2016.  Moreover, in his proposed amended complaint

12   signed under penalty of perjury, plaintiff claims that once his appeal as to Dr. Swingle was totally

13   exhausted (April 29, 2015), he "immediately sought to amend Dr. Swingle to his original

14   complaint." (ECF No. 45 at 3:17-20.)  But plaintiff's first motion to amend was not filed until

15   May 6, 2016, and did not include his proposed claims against Dr. Swingle or CEO Murray.

16   Plaintiff did not file a motion to amend as to Dr. Swingle and CEO Murray until June 23, 2016,

17   and failed to submit a proposed pleading including such claims until September 16, 2016.

18   Moreover, as pointed out by defendants, plaintiff was aware of his claims against Dr. Swingle and

19   CEO Murray at the time he filed the original complaint.  Although plaintiff appears to contend

20   that his actions stem from ignorance of the law, such delays and the misstatement of his filing

21   suggest bad faith on the part of plaintiff.

22        The record does not contain any other evidence of bad faith.  Therefore, this factor

23   moderately favors denying leave to amend.

24        *Prejudice*

25        The second factor, prejudice to defendants, is the most important of the four factors, and

26   weighs against granting leave to amend.

27        The nonmoving party is prejudiced when granting leave to amend would result in a need

28   to reopen the discovery period and the period to file dispositive motions, or when dispositive

4

1    motions already have been decided.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th

2    Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new

3    theory, with the possibility of additional discovery, would be manifestly unfair and unduly

4    prejudicial.") (quoting Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)); Campbell v.

5    Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in

6    an amendment asserted after the close of discovery and after dispositive motions have been filed,

7    briefed, and decided."); Acri v. International Ass'n of Machinists & Aerospace Workers, 781

8    F.2d 1393, 1398-99 (9th Cit. 1986) (affirming the denial of leave to amend and holding that the

9    district court did not abuse its discretion in concluding that allowing amendment would prejudice

10   the defendant because of the necessity for further discovery); see also Bassani v. Sutton, 430 Fed.

11   App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions -- that there

12   would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his

13   complaint two years into litigation and after the close of discovery -- were not an abuse of

14   discretion").

15       Here, defendants will be prejudiced if plaintiff is granted leave to amend because their

16   prior motion to dismiss has been resolved, discovery is closed, and defendants have now filed a

17   substantive motion for summary judgment.  Because plaintiff seeks to add two new defendants,

18   the case would essentially start anew, with service of process often taking months.  Thus, granting

19   plaintiff leave to amend at this stage of the proceedings would prejudice defendants.

20       *Undue Delay*

21       Similarly, the third factor, undue delay, weighs against granting plaintiff leave to amend.

22       Courts have found undue delay weighing against granting leave to amend where a motion

23   for leave to amend is filed near or after the close of discovery.  See Zivkovic v. S. Cal. Edison

24   Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming the district court's denial of a motion for

25   leave to amend filed five days before the close of discovery where the additional claims would

26   have required additional discovery, delaying proceedings and prejudicing defendants); Lockheed

27   Martin Corp., 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings

28   supports a district court's finding of prejudice from a delayed motion to amend the complaint.");

1   Solomon v. N. Am., Life & Cas. Ins. Co., 151 F.3d 1132, 1134, 1139 (9th Cir. 1998) (affirming

2   the denial of a motion for leave to amend that was filed "on the eve of the discovery deadline"

3   (two weeks before the close of discovery), where granting the motion "would have required re-

4   opening discovery, thus delaying the proceedings"); Schlacter-Jones v. General Tel., 936 F.2d

5   435, 443 (9th Cir. 1991) (stating that "[t]he timing of the motion [for leave to amend], after the

6   parties had conducted discovery and a pending summary judgment motion had been fully briefed,

7   weighs heavily against allowing leave" because "[a] motion for leave to amend is not a vehicle to

8   circumvent summary judgment"), overruled in part on other grounds by Cramer v. Consolidated

9   Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001); see also AmerisourceBergen Corp., 465

10  F.3d at 957 (Tashima, J., dissenting) (noting that the Ninth Circuit has "often affirmed the denial

11  of leave to amend . . . when discovery had closed or was about to close").

12       Here, plaintiff did not file his proposed amended complaint until September 16, 2016,

13  long after discovery closed on July 29, 2016.  Moreover, plaintiff was earlier aware of his need to

14  move to amend because he filed motions in May of 2016 (ECF Nos. 33, 35, 36), yet failed to

15  promptly remedy procedural defects.  Rather, he waited four months.

16       Because plaintiff's proposed amended complaint involves new defendants' actions

17  involved during the administrative grievance process not included in the original complaint, the

18  parties would need to conduct further discovery into such allegations.  Moreover, as set forth

19  above, granting plaintiff leave to amend will delay resolution of these proceedings inasmuch as

20  the case, first filed on March 9, 2015, would essentially begin anew.

21       Plaintiff concedes that he did not name Dr. Swingle or Dr. Murry as defendants in his

22  original complaint because his administrative appeals against them were not fully exhausted by

23  March 9, 2015, when he filed the instant action.  (ECF No. 45 at 2, 4.)  In his reply, plaintiff

24  claims that once his appeal as to Dr. Swingle was totally exhausted (April 29, 2015), he

25  "immediately sought to amend Dr. Swingle to his original complaint."  (ECF No. 45 at 3.)

26  However, the record does not support plaintiff's claim.  Plaintiff filed no request or motion to

27  amend on or about April 29, 2015.  Rather, plaintiff's first motion to amend was filed on May 6,

28  2016, over a year after his claim against Dr. Swingle was exhausted.  (ECF No. 33.)  Moreover,

6

1   his motion to amend did not request to add Dr. Swingle or CEO Murry as defendants, but rather

2   focused on plaintiff's subsequent claims concerning pain management issues arising after his

3   second surgery on September 4, 2015.  (ECF No. 33.)

4          The court finds that plaintiff has unduly delayed bringing a motion to amend to include

5   claims as to Dr. Swingle and CEO Murray.  Plaintiff was aware of their involvement at the time

6   he filed his original pleading, and could have sought to include these defendants at that time.  But

7   in any event, he could have moved to amend to include such claims as early as April 29, 2015 and

8   September 24, 2015, respectively, following the exhaustion of such claims.  Yet, plaintiff did not

9   move to amend to include these claims until June 23, 2016.  (ECF No. 40.)  And, despite having

10  been reminded of his obligation to provide a proposed amended complaint with any motion to

11  amend (ECF No. 34), plaintiff did not include a proposed amended complaint at that time.

12  Indeed, plaintiff did not provide such proposed amended complaint until September 16, 2016,

13  almost a year after he exhausted his claim as to CEO Murray.

14          *Futility*

15          The fourth factor, futility, weighs in support of granting leave to amend.

16          Defendants argue that plaintiff was required to exhaust his claims against Dr. Swingle and

17  CEO Murray prior to bringing the instant action, and therefore it would be futile to grant plaintiff

18  leave to amend to include such claims.

19          Under certain circumstances an administrative appellate reviewer can be liable under the

20  Eighth Amendment. See Peralta v. Dillard, 744 F.3d 1076, 1085-86 (9th Cir. 2014) ("a prison

21  administrator can be liable for deliberate indifference to a prisoner's medical needs if he

22  'knowingly fail[s] to respond to an inmate's requests for help.'"), quoting Jett v. Penner, 439 F.3d

23  1091, 1098 (9th Cir. 2006); Steinocher v. Smith, 2015 WL 1238549, *4 (E.D. Cal. Mar. 17,

24  2015).  Ninth Circuit case law holds that when a prisoner is grieving an on-going medical issue,

25  as plaintiff does here, a decision at the third level of appeal serves to exhaust claims regarding

26  that medical issue, including claims against individuals who only acted as an administrative

27  appellate reviewer.  See Garbarini v. Ulit, 2017 WL 531911, *2-3 (E.D. Cal. Feb. 9, 2017);

28  Steinocher, 2015 WL 1238549; Franklin v. Foulk, 2017 WL 784894, at *5 (E.D. Cal. Mar. 1,

1   2017); Gonzalez v. Ahmed, 67 F. Supp. 3d 1145, 1153-54 (N.D. Cal. 2014).  Such holding is

2   consistent with Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016).  Reyes challenged the continued

3   denial of certain pain medications throughout the grievance appellate process, thus putting the

4   prison on notice of the nature of the wrong.  See Reyes, 810 F.3d at 657-59, citing Sapp v.

5   Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010), and quoting Griffin v. Arpaio, 557 F.3d 1117, 1120

6   (9th Cir. 2009) ("[t]he primary purpose of a grievance is to alert the prison to a problem and

7   facilitate its resolution, not to lay groundwork for litigation.").

8       Because plaintiff was not required to separately exhaust administrative appeals as to those

9   individuals addressing the administrative appeal challenging his ongoing pain management at

10   issue here, such amendment is not futile.

11       In addition, plaintiff's proposed new claims against Dr. Swingle and CEO Murray are

12   based on the same underlying claims regarding pain management and delay in surgery.  "[A]

13   proposed amendment is futile only if no set of facts can be proved . . . that would constitute a

14   valid and sufficient claim."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)

15   (abrogated by Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (proper pleading standard is now

16   plausibility).

17       Plaintiff's proposed new claims are not implausible.  Thus, it would not be futile for

18   plaintiff to amend, and the fourth factor weighs in favor of granting leave to amend.

19       C.  Conclusion

20       For the reasons stated above, three of the four factors, including undue prejudice, the most

21   important one, favor denying plaintiff leave to amend.  Therefore, plaintiff's motion for leave to

22   amend should be denied.

23   II.  Motion to Supplement Complaint

24       On October 14, 2016, plaintiff signed a motion for supplemental pleading, seeking to

25   name new defendants:  T. Barton, LVN Garcia, T. Murray, and two unidentified individuals, and

26   alleging they relied on a HDSP policy to refuse plaintiff morphine, prescribed immediately after

27   his surgery on September 4, 2015.  (ECF No. 50 at 2.)

28   ////

1    Motions to supplement pleadings are governed by Rule 15(d) of the Federal Rules of Civil

2  Procedure.  Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms,

3  permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

4  that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

5  Supplemental pleadings need not arise from the same transaction or occurrence, but there must be

6  some relationship between the newly alleged matters and the subject of the original action.  Keith

7  v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

8    First, the deadline for filing motions to amend was October 11, 2016.  Plaintiff does not

9  request modification of the schedule or otherwise show that good cause would justify such a

10  modification.  Thus, his motion to supplement the pleading is untimely.

11    Second, plaintiff failed to provide a proposed supplemental complaint.  Rather, he asks the

12  court to "add these supplemental defendants to his proposed amended complaint."  (ECF No. 50

13  at 8.)  As plaintiff has been informed before, plaintiff must provide proposed pleadings for review

14  by the court because he is proceeding in forma pauperis.  In addition, Local Rule 220 requires that

15  an amended complaint be complete in itself without reference to any prior pleading.

16    Third, plaintiff seeks to add claims against Barton, Garcia, Murray, and two John Does, all

17  new defendants who allegedly denied plaintiff morphine after his surgery on September 4, 2015,

18  allegedly because they knew of and enforced the alleged policy at HDSP.  Because none of the

19  proposed new defendants have appeared in this action, the case must start anew with service of

20  process.  Moreover, this action was filed in March of 2015, discovery is closed, and defendants

21  have now filed their motion for summary judgment.  Thus, the current defendants would be

22  required to wait for service of process and discovery to conclude as to the new parties.

23  Accordingly, delay and prejudice to defendants weigh against permitting plaintiff to supplement

24  his pleading to add new defendants or claims.  For the same reasons, allowing plaintiff to

25  supplement his pleading at this late stage of the proceedings would not promote judicial

26  efficiency.  Keith, 858 F.2d at 473.

27    Fourth, plaintiff's proposed new claims against the new defendants do not relate to the

28  actions of defendants Windsor, Lankford, Mahoney, and Lee.  Here, plaintiff challenges his pain

9

1   management in lieu of surgery, as well as the delay in surgery.  The proposed supplemental

2   claims are based on incidents that occurred after plaintiff had the requested surgery on September

3   4, 2015.  Such new claims would further complicate this action, not make resolution more

4   efficient.  Plaintiff's new claims are better suited in a separate lawsuit.[2]

5            For all of the above reasons, plaintiff's motion to supplement his complaint should be

6   denied.

7            Accordingly, IT IS HEREBY RECOMMENDED that:

8            1.  Plaintiff's motion to amend (ECF No. 45) be denied; and

9            2.  Plaintiff's motion to supplement his pleading (ECF No. 50) be denied.

10           These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15  objections shall be filed and served within fourteen days after service of the objections.  The

16  ////

17  ////

18  ////

19  ////

20

21  _____

[2]  Plaintiff is cautioned that he should not delay pursuing his new claims in a separate action.
Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the
plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v.
Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d
945, 955 (9th Cir. 2004).  Because section 1983 contains no specific statute of limitations, federal
courts should apply the forum state's statute of limitations for personal injury actions.  Jones v.
Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954.  California's statute of
limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal.
Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.  However, the
new statute of limitations period does not apply retroactively.  Maldonado, 370 F.3d at 955.
California law also tolls for two years the limitations period for inmates "imprisoned on a
criminal charge, or in execution under the sentence of a criminal court for a term less than for
life."  Cal. Civ. Proc. Code § 352.1.  Thus, prisoners generally have four years from the date their
claim accrues to bring their cause of action in federal court.

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  March 23, 2017

4

5   /woma0533.mta+

6   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28