UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>J. WINDSOR, et al.,<br><br>Defendants. | No. 2:15-cv-0533 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff has filed multiple motions, which the court addresses below.

I. Background

On June 22, 2016, plaintiff filed a motion to compel discovery. (ECF No. 39.) Plaintiff's motion to compel discovery was denied on September 7, 2016. (ECF No. 44.) Discovery closed on July 29, 2016. (ECF No. 30.) On October 26, 2016, plaintiff filed a second motion to compel discovery seeking the production of documents. (ECF No. 52.)

On December 15, 2016, defendants filed a motion for summary judgment. On December 30, 2016, plaintiff filed a motion for extension of time to oppose the motion for summary judgment. On January 18, 2017, plaintiff filed a document styled "Discovery is Needed to Oppose Defendants' Motion for Summary Judgment." (ECF No. 64.) Defendants filed an opposition, and plaintiff filed a reply. (ECF Nos. 65, 67.)

1

On February 10, 2017, plaintiff filed a third motion for an order compelling discovery, to which he appended his January 18, 2017 filing. (ECF No. 66.) Defendants filed an opposition and seek sanctions for plaintiff's untimely and repeated discovery motions, and plaintiff filed a reply. (ECF Nos. 68, 69.)

II. Motions to Compel

    A. Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

1  Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery
2  permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

   B. Discussion

On October 26, 2016, plaintiff filed a motion to compel production of documents. Defendants oppose the motion on the ground that the discovery request was untimely served on October 10, 2016, after discovery closed on July 29, 2016. Defendants are correct. Under the scheduling order, all discovery requests were to be propounded sixty days prior to the close of discovery. Moreover, any motions to compel discovery were to be filed before the discovery deadline expired on July 29, 2016. Plaintiff's motion and underlying discovery request were untimely; thus, his motion to compel production of documents is denied.

On February 10, 2017, plaintiff renewed his motion to compel discovery, but now claims that he will not survive summary judgment without the documents sought in his exhibit B, specifically the 10 pages of supporting documents to Appeal No. 14-28252, because the documents "are the absolute foundation of plaintiff's entire civil case." (ECF No. 66 at 2.) Plaintiff claims that the missing 10 pages are the same medical records defendant Mahoney referred to in Mahoney's declaration supporting the pending motion for summary judgment. (ECF No. 66 at 7, citing 60-6 at 2:8-25.) Plaintiff declares that these documents "clearly report

3

1  that in Dr. Giza's professional opinion, that if plaintiff's left ankle is left untreated then the delay
2  can result in further significant injury." (ECF No. 66 at 8.)
3      Defendants again object on the grounds that plaintiff failed to meet and confer or timely
4  request discovery responses.
5      To the extent plaintiff intended his motion to be construed as a motion for continuance,
6  Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Additionally, plaintiff must make some showing of diligence, that he sought the requested information during the discovery period, or that there is good reason he has not been able to obtain the information before now.  See Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir. 1985 ).

    Here, the record reflects that as early as September 9, 2015, when plaintiff signed his opposition to defendants' motion to dismiss, plaintiff claimed that defendants removed U. C. Davis medical documentation from plaintiff's 602 appeals.  (ECF No. 20 at 10-11.)  However, the record does not demonstrate plaintiff's diligence, for two reasons.

    First, because the documents plaintiff seeks are referred to as "supporting documents" to his health care appeals, it appears that plaintiff had these documents in June and September of 2014, because he appended them to his appeals. (ECF No. 20 at 16, 18.)  Plaintiff does not explain his failure to retain copies of documents appended to his appeals, particularly where he now argues the documents are critical to rebut summary judgment.

4

Second, plaintiff did not timely seek the missing documents through discovery. In his motion, plaintiff does not explain his efforts to obtain such documents from his prison medical file. If the records were not available to plaintiff through an Olsen review of his prison medical file, plaintiff could have subpoenaed the records from U.C. Davis, or he could have sought production of the records from defendants. The discovery order issued on April 7, 2016, yet plaintiff did not file a motion to compel production of these ten pages of U.C. Davis medical records until October 26, 2016. Indeed, his first request for production of documents directed to defendant Windsor only sought U.C. Davis Medical Facility records pertaining to plaintiff's 2009 and 2015 left-ankle surgeries, which were provided by defendants. (ECF No. 39 at 7.) Plaintiff sought all medical records in possession of High Desert State Prison ("HDSP"), as well as "any and all 602 appeals, complaints, and grievances that plaintiff filed while incarcerated at HDSP." (ECF No. 39 at 7.) However, defendants objected on overbreadth grounds, and plaintiff's motion to compel further responses was denied. (ECF No. 44 at 3.) Plaintiff did not seek reconsideration of the order, or file a motion to reopen discovery.

On the other hand, in his reply, plaintiff now declares under penalty of perjury that on four separate occasions, he submitted institution "request forms" to the records department requesting these documents. (ECF No. 69 at 2.) Plaintiff claims that he did not receive a response or an acknowledgment that the request forms were submitted. (Id.) Because plaintiff's argument was contained in his reply, defendants were deprived of an opportunity to respond.

That said, the record suggests relevant documents are missing. With their motion to dismiss, defendants appended copies of plaintiff's appeals HDSP HC 14028252 and HDSP HC 14028473. (ECF No. 19-1 at 12-21, 23-30.) Both appeals reference supporting documents that are not appended to the copies filed with the court. (ECF No. 19-1 at 14 references 10 pages of supporting documents; ECF No. 19-1 at 25 references 3 pages of supporting documents.) It is unclear why the supporting documents were not submitted with defendants' motion to dismiss. But the record demonstrates that plaintiff alerted defendants that the documents were missing in his opposition to the motion, and claimed defendants removed the documents from the appeals. (ECF No. 20 at 10-11.) Plaintiff claimed that the medical documents removed were:

5

> U.C. Davis medical documentation from plaintiff's first surgery and all the medical specifics relating to his first surgery, and orthopedic surgeon Eric Giza and Jonathan G. Eastman, M.D.'s recommendations for plaintiff's second surgery, "the de novo cartilage implantation," and their medical opinions as to the constant pain plaintiff will be suffering from if he [doesn't] have the de novo cartilage implantation surgery.

(ECF No. 20 at 11.) Defendants did not address plaintiff's allegation or the missing documentation in their reply.[1] (ECF No. 23.)

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). In addition to this broad discretion, and notwithstanding the procedures discussed above, plaintiff is entitled to leniency as a pro se litigant. Thus, to the extent possible, the court endeavors to resolve motions on their merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Therefore, because it appears these documents are relevant and missing from the appeals previously submitted to the court, defendants are directed to file with the court and provide to plaintiff the supporting documents appended to appeals HDSP HC 14028252 (10 pages) and HDSP HC 14028473 (3 pages). If the supporting documents are not appended to these appeals, defendants shall file a declaration addressing their absence. Moreover, if the supporting documents are not appended to the appeals, defendants shall address whether plaintiff's medical records from U.C. Davis have been provided to plaintiff either voluntarily or through discovery. Plaintiff may respond to defendants' filing within fourteen days thereafter. Plaintiff is cautioned, however, that discovery is not re-opened, and he should file no further motions to compel discovery.

In light of this ruling, plaintiff's motion for continuance under rule 56(d) is partially granted. Defendants' motion for summary judgment is denied without prejudice to its renewal

---

[1] To be fair, the motion to dismiss was not on administrative exhaustion grounds, so the documentation appended to the appeals was not at issue.

following resolution of the production of these missing documents. Defendants are not required to re-file the motion and accompanying documents, but may simply re-notice the motion.

III. Sanctions

Defendants seek an award of $680.00 in expenses incurred in preparing their opposition to plaintiff's fourth motion. However, given plaintiff's declaration that he has been unable to obtain these documents from the prison records department, his mental health status, the delay in resolution of his motions to amend or supplement the complaint,[2] as well as the above ruling, defendants' request for sanctions is denied. However, plaintiff is cautioned that he should not repeatedly file motions, but must wait for the court to rule.

IV. Motion for Protective Order

On October 27, 2016, defendant Lee filed a motion for protective order. Defendant Lee argues that good cause exists to stay the litigation against Dr. Lee based on medical concerns. However, the sole authority cited for the protective order is Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure. Moreover, the motion for summary judgment filed subsequent to the motion for protective order appears to have been brought on behalf of all defendants, including Dr. Lee. Because Dr. Lee is represented by counsel, and the motion for summary judgment has been denied without prejudice, the undersigned denies Dr. Lee's motion for protective order without prejudice to its renewal, if necessary, following resolution of any renewed motion for summary judgment.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 52) is denied.

2. Plaintiff's motion to compel (ECF Nos. 64 & 66) is partially granted.

3. Plaintiff's motion under Rule 56(d) (ECF No. 62) is partially granted.

////

---

[2] The Eastern District has noted that it "has the highest weighted filings per judgeship in the country." Hammond v. Wal-Mart Stores, Inc., 2011 WL 1668209, at *8 (E.D. Cal. May 2, 2011). While the court attempts to timely resolve all motions, delays are inevitable given the court's heavy caseload.

4. Within twenty-one days from the date of this order, defendants shall file their response to this order, as set forth above; plaintiff may file a reply fourteen days thereafter.

5. Defendants' motion for summary judgment (ECF No. 60) is denied without prejudice to its renewal.

6. Defendant Dr. Lee's motion for protective order (ECF No. 51) is denied without prejudice.

Dated:  March 27, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/woma0533.mtc